10-3652-ag
Dong v. Holder

BIA
Weisel, IJ
A088 552 386

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of October, two thousand eleven.

PRESENT:
    DENNIS JACOBS,
            *Chief Judge,*
    RAYMOND J. LOHIER, JR.,
    SUSAN L. CARNEY,
            *Circuit Judges.*
_____

XING TONG DONG,
        *Petitioner,*

        v.                                      10-3652-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Freddy Jacobs, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Blair T. O'Connor,
                         Assistant Director; Edward C.
                         Durant, Trial Attorney, Office of

1

Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Tong Dong, a native and citizen of China, seeks review of a August 13, 2010 order of the BIA affirming the October 30, 2008 decision of Immigration Judge ("IJ") Robert Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Tong Dong,* No. A088 552 386 (B.I.A. Aug. 13, 2010), *aff'g* No. A088 552 386 (Immig. Ct. N.Y. City Oct. 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Contrary to Dong's position, the agency reasonably concluded that his six hours of detention, during which he was forced to write a "self-confession" letter, did not rise to the level of persecution.  Brief periods of detention, on their own, may not rise to the level of persecution.  *See Ai Feng Yuan v. U.S. Dept. of Justice*, 416 F.3d 192, 198 (2d Cir. 2005), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't. of Justice*, 494 F.3d 296, 313 (2d Cir. 2007).  Nor did the incident in which family planning officials threatened Dong with possible sterilization rise to the level of persecution.  *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (rejecting persecution claims involving unfulfilled threats).

Because Dong did not provide any evidence that he was threatened with sterilization after his wife's forced abortion, and the record evidence fails to indicate that he would be sterilized if he were to return to China, Dong also did not establish an objectively reasonable fear of future persecution, *i.e.* sterilization.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that, absent solid support in the record for the

3

petitioner's assertion that he would be subjected to persecution in China because of his desire to have more children, his fear was "speculative at best").  Accordingly, because Dong did not establish that he suffered past persecution or that his fear of sterilization was objectively reasonable, he did not establish his eligibility for asylum or withholding of removal.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178, 184-85 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4